Kian Mottahedeh (SBN: 247375)
SM Law Group, APC
16130 Ventura Blvd., Suite 660
Encino, CA 91436
Tel: (818) 855-5950
Facsimile: (818) 855-5952
Kian@smlawca.com
*Attorney for Plaintiff, Maria Capi,*
*and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA CAPI, on behalf of herself and all others similarly situated, | CASE NO.:  8:20-cv-01064 |
| Plaintiff, | |
| vs. | |
| PATENAUDE & FELIX, A.P.C., a California Professional Corporation; and, JOHN AND JANE DOES 1 THROUGH 25, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

**I. PRELIMINARY STATEMENT**

Plaintiff, MARIA CAPI ("Plaintiff" or "CAPI"), on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendant, PATENAUDE & FELIX, A.P.C. ("Defendant" or "PATENAUDE") and JOHN AND JANE DOES 1-25 ("DOES"). In support of her Class Action Complaint, Plaintiff says:

1.     Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, in

connection with their attempts to collect an alleged debt from Plaintiff. Plaintiff alleges Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq*.

2.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated debtor." *Baker v. G.C. Services Corp*., 677 F.2d 775, 778 (9th Cir. 1982).

4.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

5.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

6.      The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7.      Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RFDCPA and all other common law or statutory regimes.

## II.  PARTIES

8.      CAPI is a natural person.

9.      At all times relevant to this complaint, CAPI is a citizen of California and resided in the City of La Mesa, San Diego County, California.

10.      At all times relevant to this complaint, PATENAUDE was a law firm organized as a for-profit Professional Corporation pursuant to the laws of the State of California.

11.      PATENAUDE maintains its principal place of business at 4545 Murphy Canyon

Road, 3rd Floor, City of San Diego, San Diego County, California 92123.

12.   PATENAUDE maintains an office at 6800 Owensmouth Avenue, Suite 290, Canoga Park, CA 91303-4216.

13.   DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.   Plaintiff is informed and believes, and on that basis alleges, that DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of PATENAUDE that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by PATENAUDE and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

15.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

16.   Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

17.   Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within the State of California, Defendant maintains a full time office in this federal district court, and because all the Defendants reside in the State of California within the meaning of 28 U.S.C. § 1391(b) and (c).

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## IV.  FACTS CONCERNING THE PARTIES

18.     Plaintiff is alleged to have incurred and defaulted on a financial obligation to TD Bank, USA, N.A. ("TD Bank") as a successor in interest to Target National Bank. ("Target Obligation").

19.     The alleged Target Obligation arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

20.     PATENAUDE contends the Target Obligation is in default.

21.     Sometime prior to June 12, 2019, the creditor of the Target Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to PATENAUDE for collection.

22.     PATENAUDE collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

23.     PATENAUDE is a high-volume debt collector.

24.     Plaintiff is informed and believes, and on that basis alleges, that PATENAUDE acts solely as a debt collector when sending collection letters to Plaintiff in the State of California.

25.     On or about June 12, 2019, PATENAUDE mailed a collection letter to Plaintiff ("the Letter") concerning the Target Obligation, which was dated June 12, 2019, and which Plaintiff received in the ordinary course of mail after June 12, 2019. A true and correct copy of the Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

26.     Upon information and belief, the Letter was mailed, or caused to be mailed, to

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff by persons employed by PATENAUDE as non-attorney "debt collectors" as defined by

15 U.S.C. § 1692a(6).

27.     The Letter stated, in relevant part: "Total Due: $683.28."

28.     Directly below that, the Letter stated, in relevant part: "Minimum Due: $244.00."

29.     Directly under the "Total Due" and "Minimum Due", the Letter stated, in relevant

part: "Due Date: 7/8/2019."

30.     After receiving the Letter, Plaintiff was confused and bewildered as to the amount

PATENAUDE sought to collect by the due date, 07/08/2019.

31.     Plaintiff presumed, as would an unsophisticated consumer, that the Letter was in

fact the work product of one or more licensed attorneys as it stated the "debt has been assigned to

this firm to initiate collection efforts," and then refers to the creditor as "our client."

32.     The letterhead referred to PATENAUDE as a "LAW OFFICE OF" and

"PROFESSIONAL LAW CORPORATION" (Emphasis in original), with the addresses of several law

offices listed which would also lead the "unsophisticated consumer" to believe the letter was the

work product of one or more licensed attorneys at one those addresses listed.

33.     Plaintiff further presumed, as would an unsophisticated consumer, that the Letter

was in fact the work product of a licensed attorney as it was personally signed by "LAW OFFICE

OF PATENAUDE & FELIX" and personally signed with a handwritten "M."

34.     As of the filing of this complaint, which is more than 11 months after the Letter,

PATENAUDE has not filed any lawsuit against Plaintiff to recover the Target Obligation

according to a search of the San Diego County Superior Court.

35.     After receiving the Letter, Plaintiff reasonably inferred—as would an

unsophisticated consumer—that TD Bank was proceeding aggressively as it had incurred the

expense to hire a law firm, such as PATENAUDE, whose licensed attorneys had personally taken

-6-

the time to review the particular circumstances of her account and write her a letter and who were

prepared to use the legal processes in California to collect her debt.

36.     As Plaintiff understood the Letter, as would an unsophisticated consumer,

PATENAUDE was acting as a licensed attorney for TD Bank in communicating with a California

consumer concerning alleged debt.

37.     As Plaintiff understood the Letter, as would an unsophisticated consumer, Plaintiff

believed and expected that TD Bank hired PATENAUDE in for the express purpose of pursuing

legal action against her if the debt remained unpaid.

38.     As Plaintiff understood the Letter, as would an unsophisticated consumer, she

believed that if she failed to pay the amount of money demanded by PATENAUDE, then those

lawyer(s), who she believed were licensed to practice law in the State of California, would use the

legal process with which they are familiar and for the use of which they are specifically trained to

obtain a mandatory order of payment, which order will be enforceable by penalties within the

power of California courts to impose.

39.     The only purpose of the Letter was to scare Plaintiff, and other unsophisticated

consumers, into believing that TD Bank had hired attorneys who were prepared to, and regularly

do, sue consumers such as Plaintiff if quick arrangements are not made to pay their alleged debts.

40.     The Letter falsely represents and implies that a licensed attorney was directly or

personally involved in reviewing Plaintiff's file or account prior to mailing same.

41.     PATENAUDE intended that the Letter imply a heightened severity over dunning

letters from non-attorney collection companies and that unsophisticated consumers react with a

commensurate level of alarm and concern thereby giving PATENAUDE an unfair business

advantage over non-attorney debt collection companies who collect debts in the State of

California.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

42.    The contained the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5):

> Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

43.    Depending on how quickly the Letter was delivered to Plaintiff, the Due Date was significantly less time than the "30 days after receiving this notice" period allowed by the FDCPA to dispute the debt, request verification of the debt or request the identity of the original creditor.

44.    The Letter overshadows and is inconsistent with the unsophisticated consumer's right to dispute the debt, request verification of the debt, or request the identity of the original creditor.

45.    The Letter informs Plaintiff that "[b]ecause of interest, late charges and other charges the amount due on the day you pay may be greater."

46.    This disclaimer is materially false, deceptive, and misleading in that it falsely suggests to the unsophisticated consumer that the amount of the debt will increase due to an undisclosed amount.

47.    This disclaimer is materially false, deceptive, and misleading because if Plaintiff made a payment the amount owed would decrease.

48.    Sometime after receiving the Letter, Plaintiff became informed and now believes, and on that basis alleges, that the Letter is actually a computer-generated, mass-produced, letter that is sent to consumers at-large without any meaningful attorney review or involvement.

49.    As Plaintiff understood the Letter, PATENAUDE raised the specter of potential legal action by using its law firm title and credibility, which falsely implied its attorneys are

-8-

licensed to practice law in the State of California, to collect the Target Obligation when in fact it

was not acting in any attorney capacity when it sent the letter.

50.     The Letter failed to make clear to Plaintiff that PATENAUDE was not engaged by

TD Bank to file a lawsuit against Plaintiff.

## VI.  CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this claim on behalf of one class, pursuant to Fed. R. Civ. P. 23(a)

and 23(b)(3).

52.     The Letter is a form letter. Specifically, the Letter was created by merging

electronically-stored information specific to the Debt (including but not limited to the addressee's

name and address) with predetermined electronically-stored text and any graphics defined by a

template, and printing the result. In effect, the Debt-specific information is used to populate the

blanks in the template to produce the  Letter.

53.     **Class Definition:** Plaintiff brings this action on behalf of a Class. The Class is

defined as:

> All natural persons to whom Patenaude mailed an initial written
> communication in the form of *Exhibit A* to a California address
> during the Class Period beginning on June 12, 2019 and ending on
> July 2, 2020, where the "Total Due" and the "Minimum Due" are
> not the same amount and a "Due Date" is less than 30 days of the
> date of the communication.

54.     The identities of the Class members are readily ascertainable from Defendant's

business records and the records of those entities on whose behalf Defendant collects debts.

55.     This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

(a)     <u>**Numerosity:**</u> On information and belief, the Class are so numerous that joinder of

-9-

1    all members would be impractical and includes at least 40 members.

2    (c)    **Common Questions Predominate:** Common questions of law and fact exist as to

3    all members of the Class those questions predominate over any issues involving only

4    individual class members because those questions concern the same conduct by

5    Defendant with respect to each Class member.

6

7    (d)    **Typicality:** The claims of the Plaintiff are typical of the Class members because

8    those claims arise from a common course of conduct engaged in by Defendant.

9    (e)    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class

10   members insofar as Plaintiff has no interests that are adverse to those of the Class

11   members. Moreover, Plaintiff is committed to vigorously litigating this matter and

12   retained counsel experienced in handling consumer lawsuits, complex legal issues,

13   and class actions.

14

15   56.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure

16   is also appropriate in that the questions of law and fact common to members of the Class

17   predominate over any questions affecting an individual member, and a class action is superior to

18   other available methods for the fair and efficient adjudication of the controversy.

19   57.    Depending on the outcome of further investigation and discovery, Plaintiff may, at

20   the time of her class certification motion: (i) seek to modify the definition of the Class (defined

21   *supra*) to be more inclusive or less inclusive; seek to modify the definition of the Class claims

22   (defined *supra*) to be more inclusive or less inclusive; and/or (iii) seek certification only as to

23   particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

24

25

26

27

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

## V.  FIRST CAUSE OF ACTION

2

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

3

58.    The factual allegations in the preceding paragraphs are realleged and incorporated

4

by reference.

5

6

59.    PATENAUDE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7

60.    The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

8

61.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9

62.    **_Exhibit A_** is a "communication" as defined by 15 U.S.C. § 1692a(2).

10

63.    The use and mailing of **_Exhibit A_** by PATENAUDE violated the FDCPA in one or

11

more following ways:

12

13

(a)    Using a false, deceptive, or misleading representation or means in violation

14

of 15 U.S.C. § 1692e;

15

(b)    Using a false misrepresentation of the character, amount, or legal status of

16

a debt, or any services rendered or compensation which may be lawfully

17

received by any debt collector for the collection of an account in violation

18

of 15 U.S.C. § 1692e(2)(A);

19

20

(c)    Using a false representation or deceptive means to collect or attempt to

21

collect a debt in violation of 15 U.S.C. § 1692e(10);

22

(d)    Making false, deceptive, and misleading statements/implications that the

23

communications received and any meaningful review or involvement from

24

a licensed attorney prior to the mailing of said letter in violation of 15

25

U.S.C. § 1692e(3);

26

(e)    Overshadowing the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5) in

27

violation of 15 U.S.C. § 1692g(b); and

-11-

(f)     Collecting a debt using unfair means in violation of 15 U.S.C. § 1692f.

## VI.  SECOND CAUSE OF ACTION

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

64.     The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

65.     PATENAUDE is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

66.     PATENAUDE is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

67.     The Letter was mailed to Plaintiff in connection with the collection of a "debt" as defined by Cal. Civ. Code § 1788.2(d).

68.     The alleged Target Obligation is a "debt" as defined by Cal. Civ. Code §1788.2(d).

69.     CAPI is, at all times relevant to this complaint, a "person" as that term is defined by Cal. Civ. Code §1788.2(g).

70.     CAPI is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

71.     By sending the Letter with false, deceptive, and misleading information Defendants violated the RFDCPA. Such violations include, but are not limited to, the following:

(a)     Falsely representing the true nature of the business or services being

rendered by the debt collector in violation of Cal. Civ. Code § 1788.13(i);

(b)     Communicating with a debtor in the name of an attorney or counselor at law

or upon stationery or like written instruments bearing the name of the

attorney or counselor at law, unless such communication is by an attorney or

counselor at law or shall have been approved or authorized by such attorney

-12-

or counselor at law in violation of Cal. Civ. Code § 1788.13(c); and

(c) By sending the Letter with false, deceptive, and misleading information the Defendants violated 15 U.S.C. § 1692, *et seq.*, as set forth above in Plaintiffs' First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

## VII. PRAYER FOR RELIEF

72.     WHEREFORE, Plaintiff respectfully request the Court enter judgment in her favor as follows:

A.     **For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class set forth and defined *supra*;

(ii)     An incentive award for Plaintiff, in connection with her services to the Class, in an amount to be determined by the Court;

(iii)     An award of statutory damages for the Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iv)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(v)     For such other and further relief as may be just and proper.

B.     **For the SECOND CAUSE OF ACTION:**

(i)     An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class set

-13-

forth and defined *supra*;

(ii)     An incentive award for Plaintiff, in connection with her services to the Class, in an amount to be determined by the Court;

(iii)    An award of the maximum statutory damages for Plaintiff and the Class pursuant to Cal. Civ. Code §1788.30(b);

(iv)    Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and

(v)     For such other and further relief as may be just and proper.

## VII.  JURY DEMAND

Plaintiff hereby respectfully demand that this case be tried before a Jury.

Respectfully submitted,

DATED: June 12, 2020

*s/Kian Mottahedeh*
Kian Mottahedeh SBN: 247375
SM Law Group, APC
16130 Ventura Blvd., Suite 660
Encino, CA 91436
Tel: (818) 855-5950
Facsimile: (818) 855-5952
Kian@smlawca.com
*Attorney for Plaintiff, Maria Capi, and all others similarly situated*

-14-
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL